THE PEOPLE OF THE STATE OF NEW YORK, on the Complaint of PATRICIA J. BYGLAND, Respondent-Appellant, v. FREDERICK J. GOUSE, Appellant-Respondent. — In a filiation proceeding under article VIII of the Domestic Relations Law, order of the Children's Court of Nassau County, dated September 24, 1954, adjudging the defendant to be the father of the child born out of wedlock to the petitioner, and order of the same court, dated October 6, 1954, directing payment for the support of the child, unanimously affirmed, with one bill of costs to petitioner-respondent. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Ughetta, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK SPILLMAN, Alias ROBERT SUNDERLAND, FREDERICK LEO SPELLMAN and FRED WILLIAMS, Appellant.— Judgment of the County Court, Queens County, convicting appellant of the crimes of burglary, larceny and possession of a loaded revolver and burglar's instruments, affirmed. No opinion. Nolan, P. J., Wenzel, Schmidt and Murphy, JJ., concur; Beldock, J., concurs in the affirmance as to the third, fifth and sixth counts (possession of a loaded revolver), but dissents as to the first, second and fourth counts (third degree burglary, petit larceny, and possession of burglar's instruments), and votes to modify the judgment of conviction so as to dismiss the first, second and fourth counts, with the following memorandum: The burglary of the Fealy home and the larceny of the revolver therefrom allegedly took place on September 15, 1948, while Mrs. Fealy was away from home attending her husband's funeral. The revolver was the only item stolen when the house was burglarized. Defendant was arrested in the early morning of November 8, 1948, at which time he allegedly stated that he had bought the gun from one Moore about three weeks before (according to one detective) or about six or seven weeks before (according to the lieutenant of detectives who questioned him). This possession of the revolver by defendant is the only connection between defendant and the burglary and larceny on September 15, 1948. There is no proof that defendant ever knew Fealy, or knew that Fealy had died, or knew that Fealy had had a gun. Possession of a revolver (which is so easily passed from one person to another) weeks after a burglary or larceny is, in my opinion, insufficient by itself to warrant conviction of those crimes. The obituary notices introduced into evidence appeared in the newspapers of November 4 and 5, 1948, and had nothing to do with Fealy's death on September 12, 1948. It is my further opinion that, under the circumstances of this case, the claw hammer and rubber gloves are not burglars' tools.