Frank J. Kronenberg, J.
This is a uniform support proceeding under article 3-A of the Domestic Relations Law for the support of an infant allegedly born out of wedlock.
There appears to be no dispute that the respondent was dating the petitioner during the Winter of 1958-1959 and was having sexual intercourse with her during that period of time. The child was born in September, 1959.
In November, 1959 respondent executed an affidavit acknowledging that the child was his. The affidavit was made pursuant to section 33 of the Domestic Relations Law which confers jurisdiction in uniform support proceedings when the natural father has acknowledged paternity by a verified written statement.
Subsequently, respondent learned that petitioner had been married and had not obtained her divorce until March, 1959. He seeks to avoid the effect of his admission of paternity by raising the presumption of legitimacy of a child born to a married woman.
Such presumption would perhaps not allow him to gain by his admission. (People ex rel. Louvar v. Convent of Sisters of Mercy, 109 N. Y. S. 2d 846.) Here however, as in People ex rel. Bygland v. Gouse (134 N. Y. S. 2d 328, 334, affd. 285 App. Div. *654 1077) “ the respondent invokes the presumption as a shield or cloak to aid him personally in avoiding liability for the consequence which followed from his wrong. The respondent, if the presumption ever were available to him, waived such benefit by his previous actions and admissions.”
An order will enter directing the respondent to pay $25 per month for the support of the child.